WALLACE, JUDGE:
Claimant filed this claim against the respondent for the value of her 1970 Chevrolet Nova automobile as the result of an accident which occurred on West Virginia Route 20 between Bluestone Dam and Bluestone Bridge on September 21, 1979. On the evening of the accident, the claimant had picked up her friend, Ken G. Milliner, and, because she was tired, allowed him to drive. The claimant and Milliner’s cousin, Billy Jones, were passengers. They were proceeding northerly on West Virginia Route 20 to Hinton, West Virginia, at about 8:30-9:00 p.m. Blue-stone Lake was on the right side and a cliff was located on the left side of the highway. It had been raining and was very foggy. The claimant, who was familiar with the road, had warned the driver to watch for falling rocks. The driver testified that he was travelling about 25-30 mph and that the headlights were on low beam. As they approached the area of the Bluestone Bridge, an oncoming vehicle flashed its lights, and, shortly thereafter, claimant’s automobile struck a rock in the highway. The vehicle went over the embankment and landed upside-down fifty feet from the lake. The driver stated that because of the bright lights of the oncoming vehicle and the fog, he was unable to see the rock.
The claimant testified that her automobile was a total loss; that she had purchased it in June or July of 1979 for $550.00; that she had done considerable repairs on it, and that she could have sold it for $700.00 at the time of the accident. No other evidence of value was introduced, and no mention was made of the salvage value of the vehicle.
*176 In addition to the claimant and the driver of the automobile, three witnesses testified on behalf of the claimant. Dean Lowry, Sr., and Albert L. Ward, former employees of the respondent, testified that they were familiar with the particular section of West Virginia Route 20 where the accident occurred. Both witnesses testified that the road was constructed in the late 1940’s; that rock falls were frequent, especially in wet and freezing weather; that it was necessary to remove rocks on numerous occasions; and that nothing had been done by the respondent to correct the situation. Nancy Moles testified that she had been living four miles away in Hinton for 46 years; that she works at Bluestone State Park and travels the road to and from work; and that she was familiar with the road and with slides which occur in wet weather.
Bill Hanshaw, District 9 Engineer, testified for the respondent:
“The route runs generally north and south from the Bluestone Dam to the Bluestone Bridge. It’s generally rolling in nature. It’s bounded on the east side by the Bluestone Lake and on the west side by varying heights of cut slopes from approximately 20 feet high to nearly 200 feet high. . . .
The cut slopes are composed of layers of shale and earth and the erosion action from the weathering causes the cut slope to shear off at times with small to large rocks, particularly in the wet freezing season. This is common with many cuts throughout West Virginia. We have investigated these particular cut slopes with the idea of trying to correct that situation; however, this is a major undertaking. It’s placed on a priority list with many other projects. We just haven’t proceeded to find funding to move ahead on this project.”
The respondent maintains “Falling Rock” signs in the area beside the highway.
Of necessity there are thousands of cuts and fills upon West Virginia highways. Many cuts are made through rock. If it were possible to prevent rocks from falling from the resulting *177 rock cliffs, there would be no need to warn the travelling public of that danger by “Falling Rock” signs. Having been warned, as in this case, it is the duty of the travelling public to heed such warning and it would be unreasonable to impose liability for damage resulting from fallen rocks unless it is proved that the respondent knew, or in the exercise of ordinary care, should have known of the particular slide involved. Since that was not proved in this case, the Court cannot conclude that the respondent was guilty of negligence which caused the claimant’s damage.
Claim disallowed.